## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

    -vs-                                      CRIMINAL No. 07-0701 LH

JESUS MANUEL DIAZ,

        Defendant

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes on for consideration of Defendant's Motion for Rule 17(c) Subpoenas (Docket No. 128), filed January 12, 2009, and Defendant's Motion for a New Trial (Docket No. 129), filed January 20, 2009.  The Court, having reviewed the Motions, the government's responses, Defendant's replies, and the applicable law, and otherwise being fully advised, finds that the Motions are not well taken and they will be **denied**.

Defendant was arrested on March 19, 2007, after officers at the Gallup Port of Entry discovered a large load of marijuana in the tractor trailer he was transporting.  On April 10, 2007, the Grand Jury returned a one-count Indictment charging Defendant with  possession with intent to distribute 1,000 kilograms and more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  Defendant filed a Motion to Suppress Evidence on February 4, 2008, and after having held an evidentiary hearing on April 23, 2008, the Court denied the Motion.  (Mem. Op. Order (Docket No. 91), filed May 14, 2008.)  Following a day-and-a-half trial, the Jury found Defendant

guilty on May 28, 2008.  He filed his Motion for Rule 17(c) Subpoenas the day before the January 13, 2009, Sentencing Hearing and his Motion for a New Trial one week later.

The Court has imposed a sentence of 121 months imprisonment, followed by five-years unsupervised release, with the special conditions that United States Immigration and Customs Enforcement begin removal immediately or during Defendant's service of sentence and that Defendant thereafter not reenter the United States without legal authorization.  The Court also imposed a special assessment penalty of $100.00.  At Defendant's request, the Court stayed entry of Judgment, pending completion of briefing by the parties and its ruling on the Motions currently before it.

In his Motion for Rule 17(c) Subpoenas, Defendant petitions the Court for an order allowing subpoenas duces tecum to be issued to Motor Transportation Officers James Cody Smid, David Halona, and Sergeant Armstrong and to New Mexico State Police Officer Hermilio Lucero, directing them to produce documents and records relating to all telephone and dispatch conducted by them on March 19, 2007.  Defendant contends that the testimony of Officers Smid and Halona regarding the length of his detention at the Gallup Port of Entry was false and that he actually was detained for more than eight hours before the officers discovered the marijuana in the trailer after 6:00 p.m. on March 19, 2007.  (Def's. Mot. Rule 17(c) Subpoenas 5.) Defendant maintains that he is entitled to the production and inspection of the requested materials because:

    a.    the documents are evidentiary and relevant;

    b.    they are not otherwise procurable reasonably in advance of the trial by the exercise of due diligence;

    c.    the defense cannot properly prepare for the trial of this matter without production and inspection of the requested information and the failure to obtain these materials may deny Defendants [sic] of their [sic] constitutional rights to a fair trial or to produce evidence; and,

2

d.      the application is made in good faith and is not intended as a general "fishing expedition.["]
*United States v. Nixon*, 418 U.S. 683, 699 (1974), *see also United States v. Gonzales-Acosta*, 989 F.2d 384, 389 (10th Cir. 1993).

(Def's. Mot. Rule 17(c) Subpoenas 5-6.)  Defendant also asserts that he has exercised due diligence. (*Id.* at 6.)

The government responds that not only has Defendant failed to show that Rule 17(c) is applicable at this stage in the proceedings, but even if it were, he has failed to make the requisite showing under *Nixon*.  Noting that Defendant argues his entitlement to the requested materials because of an asserted dispute concerning the length of his detention, the government maintains that Rule 17(c) provides for such production before trial or other court proceeding, and there is no proceeding currently before the Court at which the purported dispute would be relevant.  The government further contends that pursuant to *Nixon*, Defendant fails to show and cannot show that the materials are evidentiary and relevant at this juncture in the case; he fails to explain why he did not seek the materials before the suppression hearing or trial, despite asserting the position before the hearing that the length of his detention was a central issue; any argument that he cannot properly prepare for trial before examining these materials and that failure to obtain them before trial may deny his constitutional right to a fair trial is frivolous; and he has not shown that his Motion is made in good faith or is anything more than fishing expedition.

In his Reply, Defendant avers that he exercised due diligence in repeatedly requesting the materials during trial.  He also identifies the proceeding for which they now would be highly relevant and admissible, the new trial requested in his subsequently filed Motion for a New Trial, as the requested information would demonstrate that the government withheld material and exculpatory evidence which would have impeached prosecution witnesses on the issues of the length

3

of detention and the difficulties the officers encountered in discovering the concealed marijuana. Defendant also asserts that the only disputed issue as to his Rule 17(c) request is whether the records contain information which could be helpful to him, an issue that cannot be resolved because the prosecution did not meet its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), by reviewing the material and representing to the Court and counsel that it does not contain impeachment information. He then concludes that the government's inaction may provide an even greater need for the production of the requested information.

Subsequent to filing his Motion for Rule 17(c) Subpoenas and his sentencing hearing, Defendant filed his Motion for a New Trial, based on claimed newly discovered evidence and because the prosecution withheld material exculpatory information in dispatch records and cellular telephone records regarding the length of his detention and the search in this case. In his supporting Affidavit, Defendant claims that Officer Smid testified falsely at both the suppression hearing and at trial, that he actually was detained for almost eight hours after he executed the consent to search form, and that even though he requested the documents through trial subpoenas, the government never produced them.

Defendant also maintains that he has newly discovered evidence: the testimony of Corporal Lee Smith of the Georgia Department of Public Safety that Defendant had arranged a safety audit and inspection of his tractor truck for March 22, 2007. According to Defendant, this testimony "would show that he did not know he was transporting marijuana because he certainly would not schedule an appointment with a law enforcement officer if he knew the trailer he was hauling contained marijuana." (Def.'s Mot. New Trial 4.) Defendant apparently was unable to locate or interview Corporal Smith prior to trial due to confusion by officials of the Georgia Department of

Public Safety about whether Corporal Smith was an employee and because he was unavailable due to military obligations, returning to his state duties only after the conclusion of Defendant's trial.

Regarding Corporal Smith's testimony, the United States responds that this evidence is not newly discovered, Defendant's failure to procure the testimony was caused by his own lack of diligence, the evidence is not material to the principal issues involved in this case, and it would not have likely resulted in an acquittal. As to the alleged *Brady* violation involving cellular telephone records and dispatch logs, the government asserts that Defendant has failed to show that the prosecution suppressed material impeachment evidence, instead proffering only conclusory assertions based on mere speculation.

In his reply brief, Defendant argues that Corporal Smith's testimony regarding his appointment with Defendant would have been more than impeaching or cumulative and is material to the main issue in case - that Defendant did not have knowledge that the consigned trailer contained marijuana. Defendant also maintains that this testimony could not have been discovered prior to trial, that he diligently attempted to procure Corporal Smith's testimony in March 2008, and that it could have led to an acquittal. As to the alleged *Brady* violation, Defendant contends that the twelve-hour delay between his alleged arrest and his booking into the Regional Correctional Center in Albuquerque shows that "prosecution witnesses were not honest about the amount of time which was required to discover the marijuana." (Def.'s Reply 6.) He also claims that the prosecution in this matter "has breached its basic obligation to learn of any favorable evidence in the possession of its law enforcement agents which could have assisted Mr. Diaz in the defense of his case by impeaching the officers regarding the length of his detention and search," and that "the prosecutor is required to learn whether any of this evidence is impeaching." (*Id.* at 9.) He further asserts that the result of his trial would have been different if the records had been produced, "as previously

5

requested," as "evidence that the officers searched for more than eight hours before discovering the marijuana would have cast grave doubt on the inference that Mr. Diaz had knowledge of contraband which was so thoroughly concealed in the consigned trailer." (*Id.* at 10.)

Rule 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." FED. R. CRIM. P. 17(c)(1).  The Rule "is 'not intended to provide an additional means of discovery,' but merely 'to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials.'" *Gonzalez-Acosta*, 989 F.2d at 389 (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)).  The party seeking a subpoena under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Nixon*, 418 U.S. at 699-700).  "In order to meet this burden, [Defendant] 'must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity.'" *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700).

Rule 33 of the Federal Rules of Criminal Procedure provides in relevant part:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. . . . .
> (b) Time to File.
>> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. . . .

6

FED. R. CRIM. P. 33. "A motion for a new trial based on newly discovered evidence is not favorably regarded and 'should be granted only with great caution.'" *United States v. Combs*, 267 F.3d 1167, 1176 (10th Cir. 2001) (quoting *United States v. Youngpeter*, 986 F.2d 349, 356 (10th Cir. 1993)). To prevail on a motion for a new trial not based on a *Brady* violation, a defendant must show:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*United States v. Gwathney*, 465 U.S. 1133, 1144 (10th Cir. 2006) (quoting *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir.1997)).

When such a motion is based on an alleged *Brady* violation, "a defendant must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material." *Combs*, 267 F.3d at 1172 (citing *United States v. Quintanilla*, 193 F.3d 1139, 1149 (10th Cir. 1999)). As to the first factor, "the Supreme Court has interpreted *Brady* broadly, in order to provide an incentive for the government to initiate 'procedures and regulations' to carry the prosecutor's 'duty to *learn* of any favorable evidence known to the others acting on the government's behalf in the case, including the police.'" *Id.* at 1174-75 (quoting *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995)). "The second part of *Brady* 'requires proof the evidence in question was exculpatory, or favorable, to the defendant'[; i]mpeachment evidence . . . satisfies this standard." *Id.* at 1175 (quoting *Smith v. Sec'y of N.M. Dep't Corr.*, 50 F.3d 801 825-26 (10th Cir. 1995)). Lastly, "a *Brady* claim 'requires proof that the evidence was material either to guilt or to punishment.'" *Id.* (quoting *Smith*, 50 F.3d at 826 (quoting *Brady*, 373 U.S. at 87)) (internal quotation omitted). Thus, the evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *United States v. Hughes*, 33 F.3d 1248, 1251 (10th Cir. 1994) (internal quotations omitted).

First addressing the Motion for a New Trial, the Court finds that Defendant has not met his burden regarding the testimony of Corporeal Smith.  As a preliminary matter, the substance of Corporal Smith's testimony was, of course, not discovered by Defendant after his trial, he knew it even before his arrest.  Additionally, although Corporeal Smith's whereabouts may not have been discovered until many months after the trial, Defendant has not shown that he was unavailable to testify at the trial in late May.  Rather, we know only that Defendant's investigator failed in his attempt to locate Corporeal Smith through phone calls made on March 12 and 13, 2008, and apparently didn't try to find Corporeal Smith again until November, more than five months after the trial.  In November the investigator learned that Corporeal Smith would return from military duty in January 2009.  Where Corporeal Smith was in May 2008 is undisclosed.  Whether this effort by Defendant can be described as diligent is questionable.  Additionally, although Corporeal Lee's testimony would not have been merely impeaching, it unarguably would not have been material to the principal issue of this case, Defendant's knowledge of the presence of the contraband in the trailer.  Defendant's appointment with Corporeal Lee on March 22, 2007, in Baxley, Georgia had nothing to do with the consigned trailer in which the marijuana was secreted, it was for an annual inspection of his truck and a business audit.  Thus, the Court can not conclude Corporeal Smith's testimony, if even admissible at a new trial, would probably produce an acquittal.

Defendant's Motion for a New Trial also fails with regard to the purported *Brady* violation. First, the Court is not convinced that the prosecution suppressed the evidence, as Defendant has provided little, if any, support for the premise that, in the context of this case, the officers' cellular

8

and dispatch records were the kind of material the government had an independent duty to discover. Additionally, the Court finds Defendant's assertion that before trial he and his counsel repeatedly requested that the government produce these items, even subpoenaing them, worthy of no credence whatsoever; Defendant provides no evidence in support of these claims other than his own self-serving declaration.

Tellingly, Defendant did not file his Rule 17(c) Motion requesting subpoenas for these materials until more than eight months after the suppression hearing, at which the duration of his detention was a critical issue, and more than seven months after his trial. Although the evidence theoretically could be favorable to Defendant, it would not be "material either to guilt or to punishment." That the contraband was well secreted in the trailer and took a long time to discover was not the principal issue at trial, rather it was Defendant's knowledge of the presence of the marijuana in the trailer he was transporting. The Court is convinced that there is no reasonable probability that this evidence would have affected the outcome of the trial.

Finally, the Motion for Rule 17(c) Subpoenas well could be denied as waived, due to Defendant's complete failure to exercise due diligence. Indeed, that Motion is nothing more than a "fishing expedition," and can not be deemed as having been made in good faith.

**IT IS HEREBY ORDERED** that Defendant's Motion for Rule 17(c) Subpoenas (Docket No. 128), filed January 12, 2009, and is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for a New Trial (Docket No. 129), filed January 20, 2009, is **DENIED**.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**

9