IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                               No. CIV 15-0778 MCA/LAM
                                                                            CR 07-0701 MCA

JESUS MANUEL DIAZ,

    Defendant-Movant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under rule 1 of the Rules Governing Section 2254 Cases and rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant-Movant's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (CV Doc. 1; CR Doc. 221) on September 1, 2015. Also before the Court is Petitioner's Application to Proceed In Forma Pauperis ("IFP") (CV Doc. 2; CR Doc. 222); he has paid the $5.00 habeas corpus filing fee. The petition raises five claims of constitutional violations and asks the Court to vacate Petitioner's conviction and sentence, release him from custody, and stop his deportation. The Court will grant the IFP application and, for reasons stated below, will dismiss the § 2241 petition.

    On June 16, 2009, this Court entered judgment (CR Doc. 138) on Petitioner's conviction and sentence on Count I of the indictment. On December 11, 2009, the Court of Appeals for the Tenth Circuit affirmed the conviction (CR Doc. 152). Petitioner then filed a Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 (CR Doc. 153), which the Court denied on the merits on July 2, 2014 (CR Doc. 194). Petitioner again appealed, and on February 4, 2015 (CR Doc. 208), the Court of Appeals for the Tenth Circuit denied Petitioner a certificate of appealability and

dismissed his appeal.   According to the criminal docket, Petitioner's petition for writ of certiorari (CR Doc. 209) from the appeal in his § 2255 proceeding was still pending at the Supreme Court when he filed the instant § 2241 petition.

Petitioner asserts two categories of claims.  First, he alleges that his counsel denied him effective assistance by failing to gain admission of certain evidence and suppression of other evidence, and that the prosecution falsified and failed to disclose certain evidence.  Petitioner asserts that the prosecution's actions amounted to fraud on the Court.  Second, he alleges that he has been denied necessary medical treatment for serious medical conditions during his post-conviction incarceration.  He asserts that his counsel's ineffectiveness prevented him from raising these claims earlier.  Petitioner makes no separate claims in support of his request to stop his deportation.

Because Petitioner's § 2241 petition directly attacks his conviction in this criminal proceeding, the Court may not adjudicate his pleading.

> For a federal prisoner, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."   A § 2255 motion is one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."   "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."

*United States v. Le*, 412 F. App'x 148, 149-50 (10th Cir. 2011) (citations omitted); *and see Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus")[1]; *see also Rodriguez-Aguirre v. Garcia*, 457 F. App'x 764, 765 (10th Cir. 2012)

---

[1] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673 (10th Cir. 1963), and the writ of error coram nobis remains available to a defendant who is not in custody.  *United States v. Hernandez*, 94 F.3d 606, 613 n. 5 (10th Cir. 1996).

(affirming dismissal of § 2241 petition that collaterally challenged the sentence imposed by the court).  Here, Petitioner contends that his conviction was obtained by ineffective assistance of counsel and prosecutorial misconduct.  These claims are expressly contemplated by § 2255; relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States."  § 2255(a); *and see Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) (a petitioner's pro se characterization of claims is not dispositive).

In this circumstance the Court may, but is not required to, recharacterize Petitioner's § 2241 petition as a § 2255 motion.  As the Court of Appeals for the Tenth Circuit has noted, a district court does not abuse its discretion in declining to recast a pleading as a § 2255 motion when relief "would, at least facially, 'be barred as untimely . . . or as second or successive.' " *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (citation omitted).  Approximately six years have passed since Petitioner's judgment became final, *see* § 2255(f) (limiting time for filing motion to one year), and Petitioner previously filed a § 2255 motion.  *See Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003) (declining to recast pro se pleading as § 2255 motion in light of second-or-successive bar).

Furthermore, Petitioner's failure to prevail, or to bring his instant claims, in his earlier § 2255 motion does not render the remedies under § 2255 "inadequate or ineffective," *Williams*, 323 F.2d at 673; *see Graham v. Wands*, 407 F. App'x 287, 288 (10th Cir. 2011) ("Neither our rejection of his claim previously nor the inability to bring a related claim renders the remedy afforded by § 2255 ineffective."), and the Court will decline to recharacterize this § 2241 petition as a § 2255 motion.  Petitioner's claims challenging his conviction will be dismissed for lack of jurisdiction.  *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("[I]f the

3

prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.").

Nor are Petitioner's allegations of medical mistreatment cognizable in this habeas corpus proceeding. Because these allegations do not challenge the "fact or length of his confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), the claim may not be prosecuted in a habeas corpus proceeding, *see Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser*); *see also United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979) ("medical mistreatment claim . . . is not cognizable in a federal habeas corpus proceeding."). This claim will be dismissed without prejudice. Petitioner "is not entitled to relief," § 2255 R. 4(b), and the Court will dismiss the petition.

IT IS THEREFORE ORDERED that Petitioner's Application to Proceed In Forma Pauperis (CV Doc. 2; CR Doc. 222) filed on September 1, 2015, is GRANTED;

IT IS FURTHER ORDERED that Petitioner's medical treatment claim is DISMISSED without prejudice; otherwise the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (CV Doc. #1; CR Doc. #221) filed on September 1, 2015, is DISMISSED without prejudice for lack of jurisdiction; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE