# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                     No. 07-CR-00701-MCA-KBM
                                                      No. 17-CV-00804-MCA

JESUS MANUEL DIAZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Jesus Manuel Diaz's Motion To Vacate Conviction Pursuant to 28 U.S.C. § 2255, filed on August 7, 2017. [CR Doc. 234] Also before the Court is Defendant's Motion For Rule 17[C] Subpoena Duce Tecum, filed on February 27, 2017. [CR Doc. 233] For the following reasons, Defendant's Motion for Rule 17[C] Subpoena Duce Tecum will be denied, Defendant's § 2255 motion will be dismissed without prejudice for lack of jurisdiction, a certificate of appealability will be denied, and judgment will be entered.

**I.    BACKGROUND**

On April 10, 2007, Defendant was charged in a one-count Indictment with possession with intent to distribute 1000 kilograms and more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). [CR Doc. 14] Following a jury trial, Defendant was found guilty and sentenced

to 121 months of imprisonment, followed by five years of unsupervised release.[1]  [CR Doc. 117, 131, 138]   The Court rendered judgment on Defendant's conviction and sentence on April 16, 2009.  [CR Doc. 138]   Defendant filed a notice of appeal in the United States Court of Appeals for the Tenth Circuit, which affirmed Defendant's conviction. [CR Doc. 139, 152]

On April 28, 2011, Defendant filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255.  [CR Doc. 153; *see Diaz v. United States*, 12-CV-00482-LH-KBM, Doc. 1 (D.N.M. April 28, 2011)].   In his motion, Defendant alleged that his conviction was unconstitutional because he was deprived of his Sixth Amendment right to effective assistance of counsel and his Fourth Amendment right to be free from unreasonable searches and seizures.  [CR Doc. 153, 167]   The Court rejected Defendant's claims on the merits and denied his § 2255 motion with prejudice. [CR Docs. 185, 194, 195]   Defendant filed a notice of appeal in the United States Court of Appeals for the Tenth Circuit, which denied a certificate of appealability and dismissed Defendant's appeal on February 4, 2015.  [CR Docs. 197, 208]   Defendant filed a petition for writ of certioriari in the United States Supreme Court, which was denied on October 19, 2015. [CR Doc. 209; *see United States v. Diaz*, No. 14-1337 (U.S. October 19, 2015)].

On September 1, 2015, Defendant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which sought, in relevant part, to vacate Defendant's conviction and sentence. [CR Doc. 221; *see Diaz v. United States*, 15-CV-00778-MCA-LAM, Doc. 1 (D.N.M. September 1, 2015)]   The Court dismissed Defendant's § 2241 petition, because the relief sought by Defendant only was available in a § 2255 proceeding and the Court lacked jurisdiction over a

---

[1] On July 30, 2015, Defendant's sentence was reduced from 121 months to 120 months pursuant to 18 U.S.C. § 3582(c)(2).  [CR Doc. 216]

second or successive § 2255 motion filed without the authorization of the United States Court of Appeals for the Tenth Circuit. [CR Docs. 224, 225]

## II. DISCUSSION

Defendant is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

### A. Defendant's Motion For Rule 17[C] Subpoena Duce Tecum Will Be Denied

On February 27, 2017, Defendant filed a Motion For Rule 17[C] Subpoena Duce Tecum, requesting production of the following items: (1) the consent to search form admitted into evidence at his trial and the original consent to search form, which was not admitted into evidence; and (2) videotape evidence reflecting that the consent to search form was signed by Defendant under duress. [CR Doc. 233] Defendant states that these items are necessary to "allow [him] to bring evidence to the United States District Court, and Supreme Court" that his criminal conviction was obtained in "violation of the United States Constitution." [CR Doc. 233 at 2]

Although Rule 17(c) of the Federal Rules of Criminal Procedure authorizes the issuance of a subpoena for "post-trial motions and sentencing," *United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981), there is no authority to support the issuance of a subpoena under Rule 17(c) after

3

the imposition of sentence and the entry of judgment.  Indeed, after a defendant's conviction has become final, a motion pursuant to 28 U.S.C. § 2255 is the "exclusive remedy for a federal prisoner seeking to attack the legality of detention."  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks and citation omitted).

The Court recognizes that on August 7, 2017, approximately five months after the filing of his Rule 17(c) motion, Defendant filed a § 2255 motion challenging the validity of his conviction and sentence.  [CR Doc. 234]  Construed liberally, Defendant's Rule 17(c) motion appears to request the production of trial court records and exhibits in support of his § 2255 motion.  "An indigent defendant bringing a 28 U.S.C. § 2255 claim is entitled to a free trial transcript" and records under 28 U.S.C. § 753(f), "provided that a judge certifies that 'the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.'" *United States v. Lewis*, 37 F.3d 1510 (10th Cir. October 14, 1994) (unpublished) (quoting 28 U.S.C. § 753(f)).  For the reasons explained below, the Court concludes that Defendant's § 2255 motion is frivolous because it is a second or successive § 2255 motion filed without the requisite authorization of the United States Court of Appeals for the Tenth Circuit.  *See* 28 U.S.C. § 2255(h).  Therefore, Defendant is not entitled to the free production of records and exhibits under 28 U.S.C. § 753(f).

To the extent that Defendant's motion liberally may be construed to seek discovery under Rule 6 of the Rules Governing Section 2255 Proceedings For the United States District Court, Defendant's motion also will be denied.  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, discovery is governed by Rule 6, which provides, in relevant part,

4

that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure." Good cause is established "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks and citation omitted). Defendant cannot establish that he is entitled to relief in this proceeding, since the Court lacks jurisdiction over his unauthorized second or successive § 2255 motion. Therefore, Defendant's Motion For Rule 17[C] Subpoena Duce Tecum will be denied.

**B.      Defendant's § 2255 Motion Will Be Dismissed For Lack of Jurisdiction**

This is Defendant's second § 2255 motion and "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* § 2255(h) (requiring a second or successive motion to "be certified as provided in section 2244 by a panel of the appropriate court of appeals"). A district court may, however, "transfer the matter to [the United States Court of Appeals for the Tenth Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of

5

justice to transfer the matter . . . for authorization." *Id.* at 1252. To be meritorious, a second or successive § 2255 motion must be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h)(1)-(2).

Although Defendant's § 2255 motion makes vague references to "new evidence" that the time of his initial arrival at the Gallup Port of Entry differed from the trial testimony of Officer Smid, he fails to explain how this difference in timing "when viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." § 2255(h)(1). Regardless, the Court declines to transfer Defendant's second or successive § 2255 motion because it determines that the motion was not filed in good faith. In the September 29, 2015 Memorandum Opinion and Order of Dismissal dismissing Defendant's § 2241 proceeding, the Court informed Defendant that it lacked jurisdiction over an unauthorized second or successive § 2255 motion. [CR Doc. 224 (declining to recharacterize Defendant's § 2241 motion as a § 2255 motion because the district court lacks jurisdiction over a second or successive § 2255 motion)]. "[W]hen, as here, a party is aware or should be aware that [his] unauthorized second or successive motion cannot be heard in the district court, transfer may be denied on the basis that the filing was not made in good faith." *United States v. Bradford*, 552 F. App'x 821, 823 (10th Cir. 2014) (unpublished). Accordingly, Defendant's § 2255 motion will be dismissed for lack of jurisdiction.

Rule 11 of the Rules Governing Section 2255 Proceedings For the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To be entitled to a certificate of appealability, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate this Court's conclusion that Defendant's § 2255 motion is an unauthorized second or successive § 2255 motion that was not filed in good faith and, therefore, a certificate of appealability will be denied.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion For Rule 17[C] Subpoena Duce Tecum [CR Doc. 233] is DENIED; Defendant's § 2255 motion [CR Doc. 234] is DISMISSED without prejudice for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE